**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE CHURCH OF ABUNDANT LIFE AT HARVEY,** **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4063** |
| **CHURCH MUTUAL INSURANCE COMPANY, S.I.,** **Defendant** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Donna Phillips Currault, recommending that the Defendant's Motion for Payment of Expert Fees[1] be converted to a Motion to Enforce a Settlement Agreement and be granted in part, ordering each party to pay reasonable expert fees incurred for deposition and preparation costs.[2] For the reasons that follow, the Court **DECLINES TO ADOPT** the Report and Recommendation, and **DENIES** the motion to enforce.

## BACKGROUND

Plaintiff filed this Hurricane Ida case against Defendant insurer, seeking to recover contractual and extra-contractual damages relating to property damage sustained during the hurricane.[3] After two years of litigation, the parties agreed to resolve the case at a settlement conference. On June 13, 2024, this Court issued a sixty-day conditional Order of Dismissal.[4] The Order of Dismissal stated that this Court retained "jurisdiction to enforce the settlement agreement if settlement is not consummated within sixty days."[5]

[1] R. Doc. 45.
[2] R. Doc. 52.
[3] R. Doc. 1.
[4] R. Doc. 43.
[5] *Id.*

The Order also stated that any party could move to "reopen the action if the settlement is not consummated" within sixty days.[6] On July 1, 2024, Plaintiff received settlement checks from Defendant and the funds were dispersed shortly after.[7]

On September 13, 2024, three months after the case was settled and dismissed, and over two months after the settlement agreement was executed, the Defendant requested that Plaintiff pay some of its expert fees.[8] Plaintiff refused to pay the fees. On September 27, 2024, Defendant filed a Motion to Assess Expert Fees against Plaintiff, requesting payment for three of its experts for a total amount of $17,471.63.[9] Defendant argues that Rule 26(b)(4)(E) obliges the parties seeking discovery to pay reasonable expert fees unless manifest injustice would result.[10] Defendant argues this obligation exists regardless of the fact that this matter has been settled and closed.[11]

Plaintiff filed a Memorandum in Opposition on October 14, 2024, arguing that it paid its own expert costs, except for one expert who billed Defendant directly.[12] Plaintiff argues the motion is untimely because the Court no longer has jurisdiction over the case after the end of the sixty-day period, as provided for in this Court's Order of Dismissal entered on June 13, 2024.[13] Plaintiff further argues that the expert costs are distinct from the costs related to consummation of the settlement, rendering the motion inappropriate at this stage.[14] Plaintiff argues that, because Defendant has not motioned to reopen the

---

[6] *Id.*
[7] R. Doc. 47, p. 3. Defendant did not discuss payment for expert fees during meetings with the judge, in the settlement, or at any other point during negotiations until the settlement had been consummated and the sixty-day order passed.
[8] R. Doc. 53.
[9] R. Doc. 45; R. Doc. 45-3.
[10] R. Doc. 45-1, pp. 4-5.
[11] *Id.* at pp. 5-7.
[12] R. Doc. 47, p. 2.
[13] *See generally id.*
[14] *Id.* at pp. 3-4.

case pursuant to Rule 60, there is no justification for the Court to address Defendant's motion.[15]

The parties filed supplemental memoranda and included invoices paid for expert costs.[16] In Defendant's Supplemental Memorandum, Defendant requested payment for $10,962.19, the balance owed to two other experts, in addition to the amount requested in Defendant's original motion.[17]

The Magistrate Judge issued a Report and Recommendation on October 17, 2024.[18] The Magistrate Judge's Report and Recommendation concluded that the Defendant's Motion to Assess Expert Fees should be converted to a Motion to Enforce Settlement, and that each party be ordered to pay the reasonable experts costs incurred for deposition and preparation of the opposing experts.[19] Plaintiff timely filed objections to the Report and Recommendation.[20]

**LEGAL STANDARD**

In reviewing the magistrate judge's Report and Recommendation, the Court must review *de novo* any of the magistrate judge's conclusions to which a party has specifically objected.[21] The Court needs only to review the portions of the report to which there are no objections to determine whether they are clearly erroneous or contrary to law.[22]

---

[15] *Id.*
[16] See R. Docs. 49, 50, 51.
[17] R. Doc. 50.
[18] R. Doc. 52.
[19] *Id.*
[20] R. Doc. 53.
[21] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[22] *Id.*

**LAW AND ANALYSIS**

The Magistrate Judge construed Defendant's request for Plaintiff to pay expert fees as implicating the terms of the settlement agreement in this matter.[23] Although the Magistrate Judge acknowledged that the Court's June 13, 2024 Order of Dismissal[24] only retained jurisdiction over the action for sixty days, the Magistrate Judge concluded that this Court has ancillary jurisdiction to enforce settlement agreements, such that "jurisdiction extends beyond the sixty-day period during which the case may be reopened."[25]

The Magistrate Judge reasoned that, even though the Defendant's motion was untimely because it was filed more than sixty days after the Order of Dismissal, "Defendant was not made aware that Plaintiff had failed to pay the expert costs under Rule 26(b)(4)(E)" until after sixty days had expired.[26] The Magistrate Judge reasoned "[e]ven if that did not constitute good cause to reopen after expiration of the sixty-day period," the Court has ancillary jurisdiction to enforce the settlement agreement.[27] The Magistrate Judge found that each of the parties agreed to "bear its own costs" by the terms of the settlement agreement.[28] As a result, the Magistrate Judge concluded that, because "Plaintiff paid its experts, which Defendant was obliged to do, Plaintiff is entitled to offset the reasonable fees charged by its experts against the amounts claimed by Defendant."[29] The Magistrate Judge recommended that each party be ordered to pay the reasonable

[23] *See* R. Doc. 52, pp. 4-6.
[24] R. Doc. 43.
[25] R. Doc. 52, p. 6.
[26] *Id.* at p. 5.
[27] *Id.*
[28] *Id.*
[29] *Id.* at p. 6.

expert costs incurred for deposition and preparation of the opposing experts, as required by Rule 26(b)(4)(E).[30]

Plaintiff objects to the Report and Recommendation on four grounds. First, Plaintiff argues that the Magistrate Judge failed to consider crucial facts related to the dispute over expert fees, namely, that the dispute arose long after the voluntary settlement, execution of the settlement agreement, disbursement of settlement funds, and dismissal of the case.[31]

Second, Plaintiff objects to the Magistrate Judge's conversion of the Motion to Assess Expert Fees into a motion to enforce settlement.[32] Plaintiff argues that Rule 26(b)(4)(E) no longer applies because the Court no longer has jurisdiction over the case pursuant to the terms of the Order of Dismissal.[33] Plaintiff further argues that, since the Court did not incorporate the terms of the settlement agreement into the Order of Dismissal, the Court did not retain jurisdiction to enforce any terms of the settlement agreement after the expiration of the dismissal period.[34]

Third, Plaintiff argues that "Defendant's Motion to Assess Expert Fees is a procedurally improper attempt to re-establish this Court's jurisdiction and re-open the case."[35] Plaintiff argues Federal Rule of Procedure Rule 60(b) dictates the proper procedure a party must follow when attempting to reopen a case and obtain relief from a final order.[36] Plaintiff argues that Rule 60(b) motions are only granted in extraordinary

---

[30] *Id.*
[31] R. Doc. 53, pp. 3-5.
[32] *Id.* at pp. 5-9.
[33] *Id.* at pp. 7-8.
[34] *Id.*
[35] *Id.* at p. 9.
[36] *Id.*

circumstances, require a showing of manifest injustice, and may not be used to relieve a party from prior choices that may have been made during the course of litigation.[37]

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the parties pay each other's expert deposition fees, arguing that "Plaintiff also will be unjustly penalized if forced to pay for Defendant's fault in failing to raise the expert fee issue timely."[38] Plaintiff points out that this order would force Plaintiff to "claw back settlement funds that were used to pay the Church's mortgage and placed into the Church's operating funds,"[39] and the funds were "deposited and spent . . . long ago."[40]

## I. Courts retain jurisdiction over settled and dismissed cases only in limited circumstances.

"Federal courts are courts of limited jurisdiction and possess power only over those cases authorized by the United States Constitution."[41] In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court recognized limited scenarios for when a federal district court retains jurisdiction to enforce a settlement agreement.[42]

> First, the district court may reopen a case to enforce the settlement agreement if its terms are stated in the order of dismissal. Second, a district court may reopen a case to enforce a settlement agreement if the order of dismissal contains language expressly retaining jurisdiction over the enforcement of the settlement agreement. Third, a district court may reopen a case to enforce the settlement agreement if there is an independent basis for jurisdiction.[43]

In *Hotard v. Aegis Security Insurance Co.*, the district court considered a motion to enforce a settlement agreement.[44] The district court held that it retained jurisdiction

[37] *Id.* at pp. 9-10.
[38] *Id.* at p. 10.
[39] *Id.* at pp. 10-11.
[40] *Id.* at p. 5.
[41] *Hotard v. Aegis Sec. Ins. Co.*, No. CV 23-6003, 2025 WL 50034, at *2 (E.D. La. Jan. 8, 2025) (citing *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994)).
[42] 511 U.S. at 379-82.
[43] *Hotard*, 2025 WL 50034, at *2 (citing *Kokkonen*, 511 U.S. at 379-82) (internal citations omitted).
[44] *Id.*

over the motion because the order of dismissal expressly stated that the Court retained jurisdiction to enforce the terms of the settlement agreement, and there was no time limit "as to when this jurisdiction ceases."[45] The district court found that the Defendant properly raised the motion to enforce because the Plaintiff had not returned release of claims documents, which was a key stipulation in the original settlement agreement.[46] As a result, because the Court retained jurisdiction over the case, pursuant to the terms of the order of dismissal, the Court granted the motion to enforce.[47]

In *Bell v. Schexnayder*, the Fifth Circuit affirmed a district court's decision to deny a request for attorneys' fees and enforced the strict terms of a settlement agreement.[48] In *Bell*, the parties reached a settlement agreement that was "intended to resolve all claims and release the defendants from all liability relating to the subject matter of the suit."[49] The district court entered a sixty-day order of dismissal.[50] Within the sixty-day period, counsel for plaintiff filed a motion for attorneys' fees, even though "prior to filing the fee application[,] plaintiffs and their counsel had never indicated that any issue remained for the trial court to resolve or that the settlement was exclusive of attorney's fees."[51] In response, defendants filed a motion to enforce the settlement agreement.[52] The district court denied the request for fees, but it granted the motion to enforce the settlement agreement, reasoning that "all claims in this matter had been settled."[53] The court retained

---

45 *Id.* at *2 (distinguishing *Billiot v. Bankers Specialty Ins. Co.*, 2024 WL 3584403, at *3-4 (E.D. La. Mar. 19, 2024), a case in which the dismissal order contemplated only 60 days for the court to retain jurisdiction to enforce the settlement).
46 *See id.* at *2-3.
47 *Id.*
48 *Bell v. Schexnayder*, 36 F.3d 447, 448 (5th Cir. 1994).
49 *Id.* at 450.
50 *Id.* at 448.
51 *Id.*
52 *Id.* at 449.
53 *Id.*

jurisdiction to address the motion to enforce because the motion was filed in accordance with the sixty-day time period provided for in the order of dismissal. The Fifth Circuit affirmed the district court's denial of the motion for attorneys' fees.[54] The Fifth Circuit stated that "the district court acted properly in denying the fee request. Holding otherwise would run counter to three important goals encouraged by our judicial system: voluntary settlements of disputes, the enforcement of agreements according to the objective intent of the parties, and an end to litigation."[55]

## II. The Court lacks jurisdiction to consider the Motion to Assess Expert Fees; thus, the Court will not address the merits of the motion.

The Magistrate Judge acknowledged that the motion to award fees was unclear as to "whether it seeks to reopen the case or enforce the settlement agreement."[56] The Magistrate Judge ultimately concluded that the terms of the settlement agreement provided that each party would "bear its own costs," and Plaintiff "agreed it was obligated to pay all attorneys' fees, costs and expenses incurred by or on its behalf out of the cash sums received."[57] The Magistrate Judge noted that the Defendant did not realize that one of its experts had not been paid until after the sixty-day period had passed.[58] As a result, the Magistrate Judge concluded that the Motion was properly considered as a motion to enforce a settlement agreement,[59] reasoning that "the court's ancillary jurisdiction to enforce the settlement agreement extends beyond the sixty-day conditional dismissal period."[60]

---

[54] *Id.* at 450.
[55] *Id.*
[56] R. Doc. 52, p. 3; R. Doc. 47-1, p. 5 (settlement agreement).
[57] R. Doc. 52, p. 4.
[58] *See id.* at pp. 4-5.
[59] *Id.* at p. 5.
[60] *Id.*

Plaintiff objects to the Magistrate Judge's conclusion that the Court has jurisdiction over this dispute at this stage of the proceeding and that the Motion to Assess Expert Fees may be construed as a motion to enforce the settlement agreement. Reviewing the Magistrate Judge's Report and Recommendation *de novo*, the Court finds that the Magistrate Judge's conclusions are contrary to the law.

In this case, the Court's June 13, 2024 Order of Dismissal expressly states:

> **IT IS ORDERED** that this action be and is hereby dismissed as to all parties, without costs and without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if the settlement is not consummated. In addition, the Court specifically retains jurisdiction to enforce the settlement agreement if settlement is not consummated within sixty days.[61]

It is undisputed that the parties signed the settlement agreement on July 1, 2024.[62] The settlement agreement does not mention payment of defense experts costs.[63] Plaintiff obtained the settlement check from the Defendant on that same date, and settlement funds were dispersed in July.[64] Defendant realized one of its experts had not been paid on August 27, 2024, when Defendant received an invoice for expert fees.[65]

The Court lacks jurisdiction to consider the expert fee dispute between the Church of Abundant Life and Church Mutual. The facts of this case fail to fall under the enumerated circumstances outlined in *Kokkonen*. First, the order of dismissal does not incorporate language regarding payment of expert fees, Rule 26, or any other related matter, nor does it incorporate any language from the parties' settlement agreement. Second, the language in the Order of Dismissal only retains jurisdiction over the case for

---

[61] R. Doc. 43.
[62] R. Doc. 45-1, p. 2.
[63] R. Doc. 47-1.
[64] R. Doc. 47, p. 3.
[65] R. Doc. 45, p.2; R. Doc. 45-3.

a period of sixty days.[66] Defendant filed its Motion to Assess Expert Fees on September 27, 2024, which is more than sixty days after the order of dismissal was entered.[67] Under the terms of the Order of Dismissal, the motion is untimely. Third, the Court finds no independent basis for jurisdiction over the dispute identified in the Motion to Assess Fees. Although the parties are diverse, the Defendant seeks reimbursement of fees of no more than $29,000.[68] Defendant acknowledges that the original dispute has been fully compromised and settled.[69] The Court does not have diversity jurisdiction over this case.[70]

Additionally, the Court finds that the issues presented in the Motion to Assess Expert fees do not implicate the Court's ancillary jurisdiction to enforce the terms of the settlement agreement. "The power to enforce a settlement . . . doesn't authorize the district court to reach new issues . . . . The court may decide 'whether and under what terms' to enforce the settlement, but it may go no further without an independent basis for jurisdiction."[71] The Fifth Circuit, applying *Kokkonen*, has indicated that jurisdiction may be retained over the following scenarios: "matters that are inextricably linked with the original dispute" such as "compulsory counterclaims," "sanction[ing of] a lawyer for misconduct," "hold[ing] parties in contempt," or "protect[ing] its judgments," such as when a court integrates a settlement agreement into a court order so that violating terms of the settlement violates a court order.[72] None of these circumstances is present here. The settlement agreement entered into by the parties did not contemplate payment of

66 R. Doc. 47.
67 R. Doc. 45.
68 R. Doc. 45-3 (expert fee invoice attached to motion to award fees of $17,471.63); R. Doc. 50 (including additional expert fees of $10,962.19).
69 R. Doc. 45-1, p. 2.
70 28 U.S.C. § 1332.
71 *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 452 (5th Cir. 2022).
72 *Id.*

additional invoices acquired after execution of the settlement.[73] Based on the record in this matter, the dispute was fully resolved, and the settlement was consummated by the parties. The Court will not read terms into the settlement agreement in order to address the merits of the Defendant's Motion to Assess Expert Fees.[74]

The Magistrate Judge's Recommendation that the Motion to Assess Expert Fees be converted to a motion to enforce is not authorized given that the facts do not fall under the *Kokkonen* holding and, as a result, the Court lacks jurisdiction over the controversy.[75] The motion must be denied.[76]

Accordingly;

## CONCLUSION

The Court, having considered the record, the applicable law, relevant filings, and the Magistrate Judge's Report and Recommendation, **DECLINES TO ADOPT** the Magistrate Judge's findings of fact and conclusions of law.

**IT IS ORDERED** that Defendant's Motion to Assess Expert Fees[77] is **DENIED.**[78]

**New Orleans, Louisiana, this 8th day of April, 2025.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[73] To the extent Defendant argues that payment of expert fees under Rule 26 "has no timeliness requirement," Defendant only cites cases addressing this issue in the post-trial context, *not* in cases after a settlement has been reached and the case has been dismissed.

[74] *See Bell v. Schexnayder*, 36 F.3d 447 (5th Cir. 1994). This holding is in line with "three important goals encouraged by our judicial system: voluntary settlements of disputes, the enforcement of agreements according to the objective intent of the parties, and an end to litigation." *Id.* at 450.

[75] To the extent the motion presents issues more appropriate for consideration under Rule 60(b), the Court finds that Defendant has failed to meet Rule 60's standards for relief.

[76] The Court appreciates the Magistrate Judge's recommendation that the parties "comply with the duties of professionalism to address the charges owed to one another without the need for further court intervention." R. Doc. 52, p. 6.

[77] R. Doc. 45.

[78] *See Mercadel v. E-Claim.com, LLC*, No. CV 22-5222, 2024 WL 3468337, at *1 (E.D. La. Apr. 2, 2024) (citing *Kokkonen*, 511 U.S. at 381-82) ("If the Court does not [retain jurisdiction over the settlement], enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.") (internal citation omitted).